Wu v. Garland

BIA
Hom, IJ
A200 235 253

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand twenty-two.

PRESENT:
>ROBERT D. SACK,
>RAYMOND J. LOHIER, JR.,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

———————————————————————————

ER LIANG WU,
>*Petitioner,*

v.                                                  20-3862
                                                    NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

———————————————————————————

FOR PETITIONER:              John S. Yong, Esq., New York, NY.

FOR RESPONDENT:              Brian M. Boynton, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Er Liang Wu, a native and citizen of the People's Republic of China, seeks review of a November 9, 2020, decision of the BIA affirming an April 16, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Er Liang Wu*, No. A200 235 253 (B.I.A. Nov. 9, 2020), *aff'g* No. A200 235 253 (Immig. Ct. N.Y. City Apr. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). The agency did not err in finding that Wu failed

2

to adequately corroborate his claim that he suffered past persecution when police detained, beat, and fined him on account of his religious practice.

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)). "The [agency] must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.*

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the

3

applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C); *Wei Sun*, 883 F.3d at 28. "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C).

The agency reasonably required evidence to corroborate Wu's claim of past persecution because his testimony was not particularly persuasive and did not refer to specific facts showing that his harm rose to the level of persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun*, 883 F.3d at 28; *Mei Fun Wong*, 633 F.3d at 72. Indeed, Wu testified that police used their fists and belts to hit him, but he did not testify to details regarding the beating, to specific injuries, or to injuries requiring medical care. Therefore, although Wu testified that his beating occurred in detention, the record

4

did not reflect specific facts as to the severity of the beating from which the IJ could determine that the harm suffered rose to the level of persecution. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in agency's determination that an alien failed to establish past persecution when "prior to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). The agency reasonably declined to credit letters from Wu's father and fellow church member in China because they were unsworn, *see Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013); regardless, those letters did not corroborate Wu's claim that he suffered harm that rose to the level of persecution. Other than through his father's unsworn letter, Wu did not corroborate his assertion that his parents paid a fine to secure his release from detention. Contrary to Wu's contention, such evidence was reasonably available given his submission of unsworn letters from individuals who could have submitted sworn affidavits or testified telephonically and his testimony that his parents had received a receipt for the fine payment. *See* 8 U.S.C.

5

§ 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Absent past persecution, a noncitizen may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008). To do so, an applicant must show either "a reasonable possibility he . . . would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting "similarly situated" individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142-43.

The agency did not err in finding that Wu had not shown a reasonable possibility that Chinese officials would single him out based on his religious practice because he did not allege that officials continued to express an interest in him or look for him based on his 2010 detention for religious practice and his father's letter, which warranted little weight, gave no factual basis for its allegation that authorities continued to look for Wu. *See Jian Xing Huang*

6

*v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). The agency also did not err in determining that Wu failed to establish a pattern or practice of persecution of similarly situated individuals because, despite evidence that Chinese officials restrict religious activities and harass and persecute practitioners in some areas of China, in other areas, Catholics practice their religion without government interference. *See* 8 C.F.R. § 1208.13(b)(2)(ii), (iii); *see also Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (concluding that pattern or practice claim fails when persecution of religious practitioners is not nationwide and applicant provided no country conditions evidence of persecution in home province); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

Accordingly, the agency did not err in concluding that Wu failed to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), (ii), 1231(b)(3)(C); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Those findings are dispositive

of Wu's claims for asylum, withholding of removal, and CAT relief. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court